## American Bank & Trust Co. of Pa. v. Commonwealth National Bank

*James A. Ulsh,* for plaintiff.
*Spencer G. Hall, Jr.,* for defendant.

LIPSETT, *J.,* March 4, 1976—For disposition is a preliminary objection submitted by defendant, the Commonwealth National Bank ("Commonwealth"), to an amended complaint of plaintiff, American Bank & Trust Co. of Pa. ("American"). Both the original and amended complaints are based upon defendant's refusal to pay on presentment by American through normal banking channels five money orders drawn on Commonwealth.

The objection is in the nature of a demurrer. Commonwealth contends the complaint fails to allege the existence of any contract, oral or written, between American and Commonwealth upon which American can assert a cause of action in assumpsit. Unfortunately, there are no Pennsylvania cases on point with the instant problem. Even so, new ground is not quite being broken, as there are apposite contract principles.

The orders in question are "personal money orders." They are numbered in sequence and the amount of each instrument is designated by the imprint of the Commonwealth National Bank's checkwriting machine. They were printed with blank spaces for the date, name and address of the payor and the payee which were filled. In the current situation, the documents were made payable to one Matthew A. Delp and signed by a Ray

Spangler of York, Pa. A personal money order is usually obtained to allow an individual who does not have a checking account with the issuer to purchase an instrument and when completed it constitutes an assignment of the funds paid to purchase the instrument. These personal orders are not signed by an authorized representative of the bank. Therein lies the difference with the more familiar bank money order. A bank money order is issued and sold by banks and, so far as the results are concerned, is similar to a cashier's check. As such, bank money orders are definitely obligations of the issuing bank. See Brady, H. J., on Bank Checks, Fourth Edition, Section 1.7. On its face, the personal money order resembles an ordinary check and logically would not become a bank obligation because it is not signed in any manner by an agent of the issuing bank.

Germane to the matter in dispute are certain provisions of the Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 1-101 et seq., as reenacted October 2, 1959, P. L. 1023, sec. 1-101 et seq. Section 401 of article 3 of the code, 12A P.S. §3-401, states no person is liable on an instrument unless his signature appears thereon. A personal money order is signed by a purchaser and unsigned by the issuing bank. Further, section 402 of article 4 of the code, 12A P.S. §4-402, provides if a bank should improperly dishonor an item presented for payment, the liability of the bank lies not to the payee of the item or the intermediary bank but rather to the maker or drawer.

The amended complaint, as it must, does not allege the maker was a bank employe authorized to issue said orders, thereby creating a bank money order, nor does it allege an unconditional promise

to pay. Rather, American argues the issuing bank creates a third-party beneficiary contract which runs in favor of any bona fide holder for value who presents the instrument for payment. American, in this case, had made payment to the payee and then sought the money from Commonwealth. There are, indeed, distinguishing characteristics between a personal check and a personal money order. It is true that a personal check, as American says, is contingent, inter alia, upon the drawee's deposit in his account of sufficient funds to cover the check, and a personal money order is in the nature of a sale rather than a deposit. By issuing the money order, the bank represents to any individual to whom it is paid that there is already in the bank's possession funds sufficient to pay the face amount of the instrument. However, this presupposes the bank has actually issued the money order. While dehors the record (it is set forth in the original complaint), it is significant the instruments here were stolen, for this is merely one circumstance where a bank does not effectively issue an order. Plaintiff, of course, says if defendant has any legal compelling reason to deny payment, facts in support thereof should be alleged in its answer as new matter. The position has merit but, rationally, this does not appear necessary; either defendant has made a binding promise to pay upon presentment or it has not.

Accordingly, we enter the following

## ORDER

And now, March 4, 1976, the preliminary objection in the nature of a demurrer is sustained, and plaintiff's amended complaint is dismissed.